J. M. STEMMONS V. NAT. M. BURFORD.

1. Pending proceedings in bankruptcy, all proceedings against the bankrupt's property under authority of a State court are void.

2. A sale under execution issued out of the State court during the pendency of proceedings in bankruptcy of the judgment debtor passes no title.

APPEAL from Dallas.   Tried below before the Hon. Hardin Hart.

*Hancock & West*, for appellant—Insisted that there was no judgment lien upon after-acquired real estate in Texas, citing 13 Texas, 229, Castro v. Illies ; 29 Texas, 31, Russell v. McCampbell ; 37 Miss., 444, Jenkins v. Gowan ; 25 Miss., 493, Moody v. Doe ; 1 Ohio, 313, Roads v. Symes ; 6 Binney, 139, Calhoun v. Snyder ; Green's Iowa R., 275, Woods v. Mains ; 4 Ohio, 94, Stiles v. Murphy; 2 Head., 558, Relfe v. McComb; 26 Texas, 526, MacKay v. Wallace.

At common law, a judgment was no lien on real estate. (4 Yerger, 270, Murfell v. Cormach; 2 McLean, 78, Shrew v. Jones.)

*H. Barksdale*, for appellee.

OGDEN, P. J.—There are several interesting questions presented in the record of this cause which have been ably argued by counsel on both sides, by brief as well as orally, but we deem it necessary to notice but one or two of those questions, as a proper disposition of them must finally settle the rights of the parties so far as the subject matter now in controversy is concerned.

In 1859, Chenault obtained a judgment in the District Court of Dallas county against W. W. Peak and J. W. Smith, upon which several executions issued, in 1859, 1860 and 1861, but no levy was made under either, and on the twenty-fourth of February, 1868, J. W. Smith, one of the judgment debtors, filed his petition in the Federal court to be discharged in bankruptcy.   Two days after another execution was issued on the Chenault judgment, and was levied on the land in controversy as the property of J. W. Smith.   This judgment of Chenault's was never proved up in the bankrupt court, nor were any steps taken

to establish the claim against the bankrupt's estate. On the filing of the petition in bankruptcy by Smith, all proceedings under the authority of the State court were, under the bankrupt law, suspended, and any sale made under and by virtue of an execution which issued from a State court, after that act of bankruptcy, was and is null and void. It therefore becomes wholly immaterial whether the Chenault judgment had become dormant or not, or whether that judgment became a lien upon after-acquired property by Smith, since the judgment, if alive, or the lien, if subsisting, could be enforced only in the bankrupt court. And as the sale, under the execution, which issued on the Chenault judgment in 1868, and after Smith had become a bankrupt, was void, the purchaser under that sale received no title which would authorize a recovery in any court. The appellants are proven to be in possession of the land under a title from the bankrupt court. They cannot be disturbed in that possession until a better and adverse title is established against them.

The judgment of the District Court is reversed, and a judgment will be entered here for the appellants for the land in controversy.

REVERSED AND RENDERED.